F I L E D
Clerk
District Court

JUL 10 2026

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

GUILIANG HUANG,

      Petitioner,

    v.

SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Field Office of Immigration and Customs Enforcement (ICE);
DAVID VENTURELLA, ICE's Acting Director;
MARKWAYNE MULLIN, Secretary of Homeland Security;
TODD BLANCHE, Acting Attorney General; and
ANTHONY TORRES, Commissioner of the Commonwealth of the Northern Mariana Islands Department of Corrections;
in their official capacities,

      Respondents.

Case No. 1:26-cv-00013

**ORDER STAYING PROCEEDINGS**

Before the Court is Petitioner Guiliang Huang's Petition for Writ of Habeas Corpus (ECF No. 1), filed on July 8, 2026, in which he names the Acting Field Office Director of the San Francisco Field Office of Immigration and Customs Enforcement (ICE), ICE's Acting Director, the Secretary of Homeland Security, the Acting Attorney General, and the Commissioner of the Commonwealth of the Northern Mariana Islands (CNMI) Department of Corrections (DOC) as respondents. In his Petition, Petitioner alleges that he is a national of the People's Republic of

Chian who overstayed his parole as a parolee under the CNMI-only parole program, was detained by ICE on June 28, 2026, and has remained in custody in the CNMI-DOC pending completion of immigration removal proceedings against him.  (Pet. ¶¶ 1, 9-20, ECF No. 1.)  Petitioner further alleges that at some time last week, he appeared *pro se* before an immigration judge for a "master calendar hearing" and orally requested bond, but the immigration judge continued the master calendar hearing to July 14, 2026, to allow Petitioner to retain counsel and set a bond hearing for July 8, 2026.  (*Id.* ¶¶ 24-26, 29-30.)  Subsequently, due to the passage of Super Typhoon Bavi, the immigration judge continued the bond hearing to July 14, 2026, at the same date and time as the continued master calendar hearing.  (*Id.* ¶ 32.)  Petitioner emphasizes that at the time of filing of his Petition, no removal order has been issued against him, nor has the immigration judge addressed whether Petitioner is subject to mandatory detention.  (*Id.* ¶¶ 27, 28, 30.)

Petitioner contends that (1) he is not subject to mandatory detention (*id.* ¶¶ 32-37); (2) he is "entitled to a meaningful and individualized bond hearing at which an immigration judge will not ultimately deny bond on the ground that he or she has no jurisdiction or authority" (*id.* ¶ 38); (3) under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), a precedential decision of the Board of Immigration Appeals that is binding on immigration judges, Petitioner will be treated as an alien subject to mandatory detention, as suggested by immigration judges in other cases involving aliens similarly situated to Petitioner summarily denying applications for bond for lack of jurisdiction under *Yajure Hurtado* (*id.* ¶¶ 39-46); (4) in his bond proceedings, Petitioner has sought "an advance ruling" from the immigration judge "on whether [the immigration judge] has jurisdiction and authority to release [Petitioner] on bond" (*id.* ¶ 47) but the immigration judge has "not yet agreed to issue an advance ruling" (*id.* ¶ 48); and (5) Petitioner "anticipate[s]" that the immigration judge "will conclude, either before the July 14 hearing or at

that hearing . . . that he has no jurisdiction and authority to release [Petitioner] on bond" (*id.* ¶ 49), thus depriving Petitioner of a "meaningful and individualized bond redetermination hearing before a neutral immigration judge on July 14" (*id.* ¶ 50).  Petitioner accordingly seeks habeas relief that, *inter alia*, declares that Respondents' detention of Petitioner is unlawful and orders Respondents to "either release Petitioner, or promptly afford an individualized bond hearing before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released[.]" (*Id.* at 7 (prayer for relief).)

The Court will stay the proceedings in this matter.  "A court . . . entertaining an application for writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the . . . person detained is not entitled thereto."  28 U.S.C. § 2243.  The Ninth Circuit requires, "as a prudential matter," that petitioners for habeas relief must exhaust available administrative remedies before a court may entertain a petition for habeas relief.  *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001)); *Arango Marquez v. INS.*, 346 F.3d 892, 897 (9th Cir. 2003).  At this juncture, the immigration judge has set a bond hearing for Petitioner to take place on July 14, 2026, a hearing at which Petitioner may advance his arguments concerning whether he is subject to mandatory detention, his entitlement to a bond hearing, and appropriate considerations for release on bond.  Petitioner may be ultimately correct about the effect of *Yajure Hurtado* on the immigration judge's treatment of Petitioner's arguments and ultimate decision on bond.  However, in view of the immigration judge's setting of a bond hearing for Petitioner, this Court's recent orders granting writs of habeas corpus and directing Respondents to hold bond hearings for aliens detained in circumstances similar to Petitioner, *see,*

*e.g.*, *Li v. Albarran*, No. 1:26-cv-00011, ECF No. 17, 2026 WL 1697872 (D. N. Mar. I. June 12, 2026), and the split of judicial authority on whether the policy ratified by *Yajure Hurtado* is in accord with the governing statutes,[1] including one decision within the Ninth Circuit outright abrogating *Yajure Hurtado*, *see Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1102-06 (C.D. Cal. 2025), the Court cannot concur with Petitioner's effective contention that the result of the July 14 bond hearing is preordained such that the hearing is "inadequate or not efficacious" as a remedy or otherwise "a futile gesture," *Laing*, 370 F.3d at 1000 (quoting *S.E.C v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)).  As such, a stay of proceedings is appropriate.  *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).  Accordingly,

    (1) Proceedings in this action are STAYED;

    (2) Petitioner Guiliang Huang will file a status report by July 17, 2026, notifying the Court about whether the bond hearing is held and any action by Respondents thereof; and

    (3) Failure to file a status report may result in dismissal without prejudice of the Petition.

    IT IS SO ORDERED this 10th day of July, 2026.

_____
RAMONA V. MANGLONA
Chief Judge

---

[1] *Compare, e.g.*, *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) (affirming grants of writs of habeas corpus as legal authority for detention of aliens without lawful status who were arrested within the United States was under permissive detention provision of 8 U.S.C. § 1226(a), and not mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A), and detention without bond violated alien petitioners' due process rights); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 & nn. 22-23 (S.D.N.Y. 2025) (noting 362 cases challenging mandatory detention of all noncitizens pending completion of removal procedures, with challengers prevailing in 350 cases), *with, e.g.*, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (reversing grants of habeas relief and holding aliens who were arrested while unlawfully resident in the United States were detained pursuant to 8 U.S.C. § 1225).  Petitioner correctly notes (*see* Pet. ¶ 44) that the Ninth Circuit has yet to issue a published decision on the issues raised in the Petition.  The Court further notes that the Supreme Court recently granted a petition for a writ of certiorari presenting similar issues. *Black v. Decker*, 103 F.4th 133 (2d Cir. 2024), *cert. granted sub nom. Genalo v. Black*, 2026 WL 1718025 (Mem.) (U.S. June 15, 2026) (No. 25-886).

4