F I L E D
Clerk
District Court

JUL 16 2026

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

GUILIANG HUANG,

      Petitioner,

    v.

SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Field Office of Immigration and Customs Enforcement (ICE);
DAVID VENTURELLA, ICE's Acting Director;
MARKWAYNE MULLIN, Secretary of Homeland Security;
TODD BLANCHE, Acting Attorney General; and
ANTHONY TORRES, Commissioner of the Commonwealth of the Northern Mariana Islands Department of Corrections;
in their official capacities,

      Respondents.

Case No. 1:26-cv-00013

**ORDER**
**LIFTING STAY AND**
**DIRECTING RESPONDENTS**
**TO SHOW CAUSE WHY PETITION**
**SHOULD NOT BE GRANTED**

On July 8, 2026, Petitioner Guiliang Huang filed a Petition for Writ of Habeas Corpus (ECF No. 1), in which he names the Acting Field Office Director of the San Francisco Field Office of Immigration and Customs Enforcement (ICE), ICE's Acting Director, the Secretary of Homeland Security, the Acting Attorney General, and the Commissioner of the Commonwealth of the Northern Mariana Islands (CNMI) Department of Corrections (DOC) as respondents. Petitioner challenges Respondents' continued detention of him during the pendency of

1

immigration removal proceedings without affording him a meaningful and individualized bond hearing and seeks the Court to issue a writ of habeas corpus that, *inter alia*, directs Respondents to release Petitioner or promptly hold a meaningful and individualized bond hearing before an immigration judge.  (*See generally* Pet., ECF No. 1.)

On July 10, 2026, the Court issued an order staying proceedings in this habeas action in view of the setting of a bond hearing for July 14, 2026—"a hearing at which Petitioner may advance his arguments concerning whether he is subject to mandatory detention, his entitlement to a bond hearing, and appropriate considerations for release on bond"—and recent developments in this district and across the country concerning Respondents' mandatory detention policy for aliens detained in circumstances similar to Petitioner.  (Order Staying Proceedings 3-4, ECF No. 2.)  The Court further directed Petitioner to file a status report by July 17, 2026, to report on "whether the bond hearing is held and any action by Respondents thereof[.]"  (*Id.* at 4.)

Petitioner has now filed his Status Report and Request to Lift Stay (ECF No. 3).  Therein, Petitioner represents that (1) a bond hearing was held on July 14, 2026, with Petitioner and counsel appearing before Immigration Judge Nathaniel Walker; (2) Petitioner presented "50-plus pages of supporting documents" along with this Court's decision in *Li v. Albarran*, No. 1:26-cv-00011, all of which Immigration Judge Walker admitted into evidence; (3) Immigration Judge Walker determined that he lacked jurisdiction to release Petitioner on bond, "did not proceed to engage in any substantive discussion" of Petitioner's submitted evidence, and concluded the bond hearing; and (4) Petitioner subsequently appeared for a master calendar hearing, at which another immigration judge continued the hearing to August 2026 without setting a date for the individual hearing.  (Status Report ¶¶ 1-18, ECF No. 3.)  Petitioner explains that Immigration Judge Walker's finding of no jurisdiction was premised on (1) this Court's decision in *Li* not containing any

temporary restraining order against the immigration court "that went beyond Mr. Li's own case" and "was not a class action," (2) "under the current status of the law, broadly within the Ninth Circuit, [*Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025),] was the law to be applied, absent a writ of habeas corpus" covering Petitioner, and (3) *Yajure Hurtado* deprived him of jurisdiction. (*Id.* ¶¶ 7-9.) Petitioner accordingly requests that the Court lift the stay on proceedings in this habeas action and issue an order to show cause. (*Id.* at 3.)

In view of the foregoing, most notably the immigration judge's disclaimer of jurisdiction as part of Respondents' official policy as ratified by *Yajure Hurtado* and any further bond hearings before an immigration judge almost certain to arrive at the same result, the Court finds that lifting the stay is appropriate. *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (identifying "situations such as where administrative remedies are inadequate or not efficacious" or "pursuit of administrative remedies would be a futile gesture" as grounds for waiving prudential exhaustion requirement (internal quotation marks omitted)); *Ward v. Chavez*, 678 F.3d 1042, 1045-46 (9th Cir. 2012) (holding any administrative appeal would be futile given "existence of official [agency] policy" and agency's conduct indicating that appeal "would unquestionably have been denied"). Upon review of the Petition, the Court further finds that issuance of an order directing Respondents to show cause why Petitioner's requested writ for habeas corpus should not be granted is also appropriate. 22 U.S.C. § 2243. Accordingly,

(1) The stay of proceedings in this action entered on July 10, 2026, is LIFTED;

(2) Petitioner's counsel is directed to serve forthwith Respondents and the U.S. Attorney's Office for Guam and the Northern Mariana Islands with a copy of the Petition and all accompanying papers, along with a copy of this order, by U.S. Postal Service express mail and email;

(3) Petitioner shall file proof of service by **July 17, 2026**;

(4) Respondents shall file their notices of appearance and responses addressing the merits of the Petition or otherwise showing cause why the Petition should not be granted by **July 21, 2026**;

(5) Petitioner shall file any reply by **July 23, 2026**;

(6) A hearing on the Petition is set for **July 28, 2026, at 2:00 p.m., in the Third Floor Courtroom**;

(7) Any party seeking an extension of the briefing schedule shall promptly meet and confer with all other parties before filing a stipulation or joint statement setting forth good cause for the requested extension, *see* 28 U.S.C. § 2243, and a proposed briefing schedule; and

(8) Pursuant to the All Writs Act, 28 U.S.C. § 1651(a) ("[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."), and in view of the exigent circumstances and to maintain the status quo pending resolution of this action on the merits, *see Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 n.6 (9th Cir. 2020), **Petitioner shall not be removed or transferred out of this District.**

IT IS SO ORDERED this 16th day of July, 2026.

_____
RAMONA V. MANGLONA
Chief Judge

4