F I L E D
Clerk
District Court

JUL 29 2026

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

GUILIANG HUANG,

        Petitioner,

      v.

SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Field Office of Immigration and Customs Enforcement (ICE);
DAVID VENTURELLA, ICE's Acting Director;
MARKWAYNE MULLIN, Secretary of Homeland Security;
TODD BLANCHE, Acting Attorney General; and
ANTHONY TORRES, Commissioner of the Commonwealth of the Northern Mariana Islands Department of Corrections;
in their official capacities,

        Respondents.

Case No. 1:26-cv-00013

**DECISION AND ORDER
GRANTING PETITION FOR
WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Guiliang Huang's Petition for Writ of Habeas Corpus (ECF No. 1), filed July 8, 2026, in which he names the Acting Field Office Director of the San Francisco Field Office of Immigration and Customs Enforcement (ICE), ICE's Acting Director, the Secretary of Homeland Security, the Acting Attorney General, and the Commissioner of the Commonwealth of the Northern Mariana Islands (CNMI) Department of Corrections (DOC) as respondents. Huang alleges that Respondents' failure to provide him with a bond hearing after his

1

arrest and detention pending completion of immigration removal proceedings against him is unlawful because he is subject to discretionary detention under 8 U.S.C. § 1226(a) and its implementing regulations—which allow for release on bond or probation—and not mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  Huang accordingly seeks a writ of habeas corpus that, *inter alia*, declares that Respondents' detention of him is unlawful and orders Respondents to "either release [him], or promptly afford an individualized bond hearing before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that [he] is a danger to the community or a flight risk if released[.]"  (Pet. 7 (prayer for relief), ECF No. 1.)

For the reasons set forth below, the Court GRANTS Huang's Petition because he is subject to discretionary detention under 8 U.S.C. § 1226(a), and not mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

## I.    BACKGROUND

Huang is a national of the People's Republic of China who is currently detained, and has been detained since June 28, 2026, at the CNMI-DOC under the physical custody of Respondents. (Pet. ¶ 1; *see also* Resp. of Resp't Anthony Torres 1-2 (indicating that Petitioner is detained at the CNMI-DOC under ICE custody pursuant to agreement between federal government and CNMI-DOC), ECF No. 9.)  Over a decade ago, around August 9, 2015, Huang entered the CNMI as a parolee under the CNMI-only parole program and pursuant to 8 U.S.C. § 1182(d)(5)(A).  (Pet. ¶ 15; U.S.'s Opp'n 2, ECF No. 10.)  Huang's parole expired on August 14, 2015; however, Huang continued to stay in the CNMI up to the present.  (Pet. ¶¶ 16-17.)  On April 23, 2025, Huang applied for withholding of removal and relief under the Convention Against Torture by submitting an I-589 to U.S. Citizenship and Immigration Services (USCIS).  (*Id.* ¶ 18.)  USCIS has yet to act

on Huang's I-589.  (*Id.* ¶ 19; *see also id.* ¶¶ 21-22 (indicating that Huang intends to seek same relief from removal in removal proceedings, and that USCIS will forward Huang's I-598 to the immigration court for adjudication).)  Subsequently, on June 28, 2026, ICE arrested and detained Huang and placed him in immigration removal proceedings with the issuance of a Notice to Appear ("NTA") that charged him with being an inadmissible alien under 8 U.S.C. § 1182(a)(7)(A)(i)(I).  (*Id.* ¶¶ 1, 20, 23; U.S.'s Opp'n 3; *id.*, Ex. A (NTA dated June 28, 2026), ECF No. 10-1.)  During the week of June 28, 2026, the immigration court held a master calendar hearing, at which Huang appeared *pro se* and requested a bond hearing.  (Pet. ¶¶ 24-25.)  The immigration court continued the master calendar hearing to July 14, 2026, to permit Huang to retain counsel and, without passing on whether Huang was subject to mandatory detention, set a bond hearing for July 8, 2026.  (*Id.* ¶¶ 26, 28-30.)  The passage of Super Typhoon Bavi, however, caused the immigration court to continue the bond hearing to the same date and time as the continued master calendar hearing.  (*Id.* ¶ 31.)  Huang then filed the instant Petition.

On July 10, 2026, the Court stayed proceedings on Huang's Petition in view of, *inter alia*, the setting of the bond hearing—"a hearing at which [he] may advance his arguments concerning whether he is subject to mandatory detention, his entitlement to a bond hearing, and appropriate considerations for release on bond"—because it was unclear whether "the result of the July 14 bond hearing is preordained such that the hearing is inadequate or not efficacious as a remedy or otherwise a futile gesture[,]"  (Order Staying Proceedings 3-4 (internal quotation marks omitted), ECF No. 2.)  The Court directed Huang to file a status report by July 17, 2026, "notifying the Court about whether the bond hearing is held and any action by Respondents thereof[.]"  (*Id.* at 4.)  On July 14, 2026, Huang filed the status report (ECF No. 3), in which he represented that the immigration judge at the bond hearing did not address bond on the merits because

> (1) this Court's decision in [*Li v. Albarran*, No. 1:26-cv-00011, did] not contain[] any temporary restraining order that went beyond Mr. Li's own case and was not a class action, (2) under the current status of the law, broadly within the Ninth Circuit, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), was the law to be applied, absent a writ of habeas corpus covering [Huang], and (3) *Yajure Hurtado* deprived him of jurisdiction.

(Order Lifting Stay & Directing Resp'ts to Show Cause 2-3 (internal quotation marks and original brackets omitted), ECF No. 4.)  The Court accordingly lifted the stay, directed Respondents to show cause why Huang's Petition should not be granted, and set a briefing schedule and a hearing on the matter.  (*Id.* at 3-4.)

Respondent Torres filed his Response (ECF No. 9) on July 22, 2026, in which he indicated that he takes "no express position" on the legal issues presented in the Petition.  (Resp. of Resp't Anthony Torres 2.)  Hours later, all other Respondents (the "Federal Respondents") jointly filed a single Opposition (ECF No. 10), accompanied by one exhibit (ECF No. 10-1) consisting of the NTA served on Huang on June 28, 2026.  Huang filed a Reply (ECF No. 11) in the evening of the same day.  On July 24, 2026, the Court *sua sponte* determined that decision on the papers was appropriate and vacated the hearing set for July 28, 2026.

## II.   LEGAL STANDARD

Huang seeks a writ of habeas corpus.  "Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions[,]" 28 U.S.C. § 2241(a), where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[,]" *id.* § 2241(c)(3).  *See also Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are in custody in violation of the Constitution or laws or treaties of the United States." (internal quotation marks omitted)).  Huang, as the petitioner, bears "the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d

628, 638 (9th Cir. 2004). "The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require," and "shall forthwith award the writ . . . , unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### III.    DISCUSSION

As the Parties recognize (*see* Resp. of Resp't Anthony Torres 2; U.S.'s Opp'n 3-4; Reply 1, ECF No. 11), Huang's Petition raises legal issues that the Court has previously addressed in disposing of similar petitions for writs of habeas corpus. In *Li v. Albarran*, No. 1:26-cv-00011, the petitioner there was a national of the People's Republic of China who was paroled into the CNMI under the CNMI-only parole program, overstayed his parole, and was detained pending completion of immigration removal proceedings against him. *Li v. Albarran*, No. 1:26-cv-00011, ECF No. 17, at 3, 2026 WL 1697872, at *1-2 (D. N. Mar. I. June 12, 2026). The petitioner sought a bond hearing with the immigration court; however, the immigration court, without citing any legal authority, denied the request because it lacked jurisdiction to entertain his request for bond. *Id.* The petitioner then filed a petition for a writ of habeas corpus in this Court, naming the same Respondents as Huang's Petition, asserting that his continued detention without bond violated 8 U.S.C. § 1226(a) and its implementing regulations along with the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and seeking relief in the form of a writ directing Respondents "to schedule a bond hearing before an [immigration judge] and ordering that the [immigration judge] may not summarily denying bond at such hearing." *Id.* at 1-2, 2026 WL 1697872, at *1 (internal quotation marks and original brackets omitted). In subsequent briefing and oral argument, the Federal Respondents challenged the Court's jurisdiction to entertain the petition, contended that the petitioner was properly detained under 8 U.S.C. § 1225(b)(2)(A), and raised additional arguments specifically arising from the unique nature of the CNMI-only parole

program.  *Id.* at 5, 9, 12-14, 2026 WL 1697872, at *2, 4, 6-7.  The Court rejected the Federal Respondents' arguments, specifically holding:

(1) The Court had jurisdiction to consider the petition because the petitioner's challenge to his detention did not arise from the three actions set forth in the jurisdiction-stripping provisions of 8 U.S.C. § 1252(b)(9) or (g), *Li*, ECF No. 17, at 5-8, 2026 WL 1697872, at *2-4;

(2) The applicable provision governing the petitioner's detention was 8 U.S.C. § 1226(a), and not 8 U.S.C. § 1225(b)(2)(A), because the petitioner was not "seeking admission," *Li*, ECF No. 17, at 8-14, 2026 WL 1697872, at *4-7;

(3) As 8 U.S.C. § 1226(a) applied, the petitioner was entitled to a bond hearing before an immigration judge, *Li*, ECF No. 17, at 15, 2026 WL 1697872, at *7; and

(4) In view of the statutory basis for concluding that the detention of the petitioner was unlawful, the Court did not need to reach the petitioner's constitutional challenge, *id.* at 5, 2026 WL 1697872, at *2.

The Court accordingly granted the petition and ordered Respondents to

> arrange an individualized bond hearing before a neutral immigration judge in which the Government bears the burden of establishing by clear and convincing evidence that [the petitioner] is a danger to the community or a flight risk if released.  If no hearing occurs within fourteen days of this order, [the petitioner] shall be released from Respondents' custody.

*Id.  See also Shen v. Albarran*, No. 1:26-cv-00012, ECF No. 12, 2026 WL 2059140 (July 17, 2026) (decision and order granting petition for writ of habeas corpus on same grounds).

Here, as to Huang's Petition, the Federal Respondents do not identify any material difference in facts or change in law that would distinguish this case from *Li*.  To the contrary, the Federal Respondents expressly "maintain[ their] position here and incorporate[] by reference its

Response (ECF No. 11)" in *Li*. (U.S.'s Opp'n 4.) The Court is not persuaded by the Federal Respondents' "respectful effort to persuade this Court to reconsider its conclusions" (*id.*) and depart from its holdings in *Li* as applied to this case. Huang's factual circumstances are substantively identical to *Li*; the governing law remains undisturbed. As such, for the same reasons as set forth in *Li*, the Court finds that:

(1) The Court has jurisdiction to entertain Huang's Petition;

(2) The applicable provision governing Huang's detention is 8 U.S.C. § 1226(a), and not 8 U.S.C. § 1225(b)(2)(A), as Huang is not an alien "seeking admission"; and

(3) As 8 U.S.C. § 1226(a) applies, Huang is entitled to a bond hearing before an immigration judge.

## IV. CONCLUSION

Huang has met his burden to show that his continued detention without a bond hearing is unlawful. Accordingly,

(1) Huang's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED;

(2) Respondents shall, pursuant to 8 U.S.C. § 1226(a), arrange for an individualized bond hearing to take place before a neutral immigration judge within fourteen days of issuance of this order, at which the Government bears the burden of establishing by clear and convincing evidence that Huang is a danger to the community or a flight risk if released;

(3) Should no such hearing occur within fourteen days of issuance of this order, Respondents shall release Huang from custody;

(4) Respondents shall file a status report by **August 21, 2026**, notifying the Court about whether the bond hearing is held, the determination on bond, and Huang's status in custody or on release;

(5) The Clerk is directed to enter judgment accordingly and close this case.

IT IS SO ORDERED this 29th day of July, 2026.

_____
RAMONA V. MANGLONA
Chief Judge

8